IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUNIOUS CHISHOM, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-136 |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations of the | ) | |
| Social Security Administration, performing | ) | |
| the duties and functions not reserved | ) | |
| to the Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Junious Chishom, III, appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration.

I. **BACKGROUND**

Plaintiff applied for DIB in April of 2013, alleging a disability onset date of March 10, 2010. Tr. ("R."), pp. 223-29. Plaintiff's last insured date for purposes of the DIB application is

_____

[1]The Court **DIRECTS** the **CLERK** to update Defendant's title on the docket in accordance with the caption of this Order, which is consistent with Defendant's brief. (Doc. no. 13.)

June 30, 2015. R. 286. Plaintiff was thirty-seven years old on his alleged disability onset date.

R. 223. Plaintiff applied for benefits based on allegations of tarsal coalition, knee pain, and high

blood pressure. R. 264. Plaintiff has a twelfth grade education, and, prior to his alleged

disability, Plaintiff had accrued relevant work history as a health service technician, marketing

technician, and telemarketer. R. 266.

The Social Security Administration denied Plaintiff's applications initially, R. 82-94, and

on reconsideration, R. 96-109. Plaintiff requested a hearing before an Administrative Law Judge

("ALJ"), R. 122-23, and the ALJ held a hearing on July 15, 2016. R. 41-73. At the hearing, the

ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Wendy P.

Klamm, a Vocational Expert ("VE"). Id. On August 26, 2016, the ALJ issued an unfavorable

decision. R. 15-29.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity from March 10, 2010, the alleged onset date, though the last insured date of June 30, 2015 (20 C.F.R. §§ 404.1571 *et seq.*).

2. The claimant had the following severe impairments through the last insured date: congenital malformations of the feet, obesity, knee pain, and hypertension (20 C.F.R. § 404.1520(c)).

3. Through the last insured date, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. Through the last insured date, the claimant has the RFC to perform sedentary work[2] as defined in 20 C.F.R. § 404.1567(a) except: the claimant could

---

[2]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is

occasionally operate pedals or foot controls with either foot. He could occasionally climb stairs/ramps, crawl, balance, stoop, kneel, or crouch. He could not work in any job setting where there is exposure to wetness, vibration, or hazards such as unprotected heights or moving machinery. Thus, the claimant was capable of performing past relevant work (20 C.F.R. § 404.1565).

5. Therefore, Plaintiff was not under a disability, as defined in the Social Security Act, at any time from March 10, 2010, the alleged onset date, through June 30, 2015, the date last insured (20 C.F.R. § 404.1520(f)).

R. 22-28.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly: (1) evaluate whether Plaintiff's severe impairments met or equaled a Listing; (2) explain his findings regarding Plaintiff's RFC; and (3) assess opinion evidence. See doc. nos. 12 ("Pl.'s Br."), 14 ("Pl.'s Reply"). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 13 ("Comm'r's Br.").

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439

---

often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a).

(11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal

4

standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to evaluate whether Plaintiff's severe impairments met or equaled Listings 1.02, 1.03, and 1.06. Pl.'s Br., pp. 13-14; Pl.'s Reply, pp. 1-2. The Commissioner argues in response Plaintiff failed to meet his burden of showing his impairments met or medically equaled the requirements of a listing and the ALJ made an implicit finding to that effect. Comm'r's Br., pp. 4-8.

### A. The ALJ Improperly Failed to Address Whether Plaintiff's Severe Impairments Met or Equaled a Listing

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that his condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In order to show that his impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must

find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. §§ 404.1520(d).

Plaintiff argues his severe impairments met or medically equaled Listings 1.02, 1.03, and 1.06. Pl.'s Br., pp. 13-14. Listing 1.02 requires:

> [A m]ajor dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.02.

> Listing 1.03 requires:
>
> Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.03.

> Finally, Listing 1.06 requires:
>
> Fracture of the femur, tibia, pelvis, or one or more of the tarsal bones. With:
>
> A. Solid union not evident on appropriate medically acceptable imaging and not clinically solid; and
>
> B. Inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur or is not expected to occur within 12 months of onset.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.06.

The regulations define "inability to ambulate effectively" as "an extreme limitation of the ability to walk," generally "as having insufficient lower extremity functioning . . . to permit independent ambulation without use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 1.00B2b(1).

When considering whether Plaintiff's severe impairments met or equaled one of the Listings, the ALJ merely stated Plaintiff has the initial burden of proof at step three and failed to discharge his burden of proof because he "has not asserted that he has any impairment, which meets or equals the requirements of a listed impairment." R. 22-23. The ALJ reported Plaintiff "conceded that his condition does not satisfy the requirements for any listing" and found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of a Listing. R. 23.

As stated above, an ALJ must consider whether a claimant's severe impairments meet or medically equal the severity of a Listing at step three of the sequential process. Davis, 985 F.2d at 532; see also Flemming v. Comm'r of Soc. Sec. Admin., 635 F. App'x 673, 676 (11th Cir. 2015) ("[A]n ALJ is required to consider the Listing of Impairments in making a decision at step three . . . ." ); Prince v. Comm'r Soc. Sec. Admin., 551 F. App'x 967, 969 (11th Cir. 2014) ("[T]he ALJ must consider the Listings in making its disability determination . . . .") Here, the ALJ utterly failed to do so, apparently believing the analysis was unnecessary because the Plaintiff did not contend he met a Listing.

Even assuming an ALJ can so easily skip this important step, Plaintiff's representative filed a pre-hearing brief, in which he specifically argued Plaintiff's severe impairments met the criteria for Listings 1.02, 1.03, and 1.06. R. 402. Furthermore, two state agency physicians considered whether Plaintiff's severe impairments satisfied Listing 1.06. R. 89, 104. Thus, the

ALJ had no basis for failing to conduct the step three analysis.

Nevertheless, Defendant argues the ALJ implicitly found Plaintiff's impairments did not meet or medically equal a Listing. Comm'r's Br., pp. 7-8. A court may infer from the record an ALJ implicitly considered and found a claimant's disability did not meet a listing. Flemming, 635 F. App'x at 676 (citing Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)). However, it all too clear this is not what occurred here, as the ALJ simply found Plaintiff "conceded" his impairments did not satisfy the requirements of any Listing. R. 22-23. The ALJ's decision was not based on a consideration of Plaintiff's impairments and the Listings. Accordingly, the ALJ's decision is not supported by substantial evidence.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this

opinion.

SO REPORTED and RECOMMENDED this 20th day of November, 2018, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA